Jon R. Binney, Esq.
BINNEY LAW FIRM, P.C.
P.O. Box 2253
Missoula, Montana 59806-2253
Telephone: (406) 541-8020
Fax: (406) 541-8006
E-Mail Address: jon@binneylaw.com
I.D. #2895
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | )  |
| | )  Case No. 09-60965 |
| JEANNE RIZZOTTO, | )  Chapter 11 |
| | ) |
| Debtor. | ) |

**AMENDED PLAN OF REORGANIZATION DATED JANUARY 4, 2010**

The Debtor in the above-captioned Chapter 11 case hereby proposes the following Plan of Reorganization pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code.

### ARTICLE I.

### DISCLOSURE STATEMENT

The Disclosure Statement is filed herewith.

### ARTICLE II.

### DEFINITION OF TERMS

A term used in the Plan that is not defined below which is used in the Bankruptcy Code shall have the meaning described in the Bankruptcy Code. The following terms shall have meaning specified below, unless the context otherwise requires, when used in this Plan.

A. <u>ADMINISTRATIVE CLAIM</u>: All allowed claims against the Debtors entitled to

priority pursuant to Section 507(a)(1) of the Bankruptcy Code.

B. ALLOWED CLAIM: Any claim in the amount and of the priority classifications set forth in the proof of such claims that has been filed timely in the reorganization case, or in the absence of such proof, as set forth in the Debtors' Schedules of Liabilities filed in the reorganization case, unless: (i) such claim has been listed in such Schedules as disputed, contingent, or un-liquidated, in which case such claim shall be allowed only in such amount and such classification as is authorized by Order of the Bankruptcy Court; or (ii) such claim has been objected to or is objected to after confirmation, in which case such claim shall be allowed only in such amount and such classification as is authorized by order of the Bankruptcy Court; or (iii) such claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

C. ALLOWED INTEREST: Any equity interest in the amount and of the priority classification set forth in the profile of such equity interest that has been filed timely in the reorganization case, or in the absence of such proof, as set forth in the Debtors' Listings and Schedules filed in the reorganization case, unless: (i) such equity interest has been objected to or is objected to after confirmation, in which case such equity interest shall b e allowed only in such amount and such classification as is authorized by Order of the Bankruptcy Court; (ii) such equity interest has been paid in full, withdrawn m or otherwise deemed satisfied in full or retired.

D. BANKRUPTCY COURT: The United States Bankruptcy Court for the District of Montana, before which this reorganization case is pending.

E. CLAIM: Any right to payment from the Debtors arising before the effective date, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right arising before the effective date to an equitable remedy for breach of performance if such breach

gives rise to a right to payment from the Debtors, whether or not such rights is reduced to judgment, liquidated, unliquidated, legal equitable, secured, or unsecured.

  F. CLASS: A class of claims or equity interests as defined in Article III of this Plan.

  G. CONFIRMATION: The entry of the Order of Confirmation by the Bankruptcy Court.

  H. DEBTOR: Jeanne Rizzotto

  I. DISBURSING AGENT: The Disbursing Agent designated in the Order of Confirmation, or other wise by the Bankruptcy Court.

  J. EFFECTIVE DATE: The date thirty days after confirmation, or the first business day thereafter, unless the effect of the Order of Confirmation is stayed under Bankruptcy Rule 8005.

  K. ORDER OF CONFIRMATION: The Order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

  L. PETITION DATE: The date upon which the Debtors filed the Chapter 11 Petition commencing this reorganization case.

  M. PLAN: This Plan of reorganization in its present form or as it may be amended or modified from time to time pursuant to the Order of the Bankruptcy Court.

  N. REORGANIZATION CASE: The Chapter 11 case pending before the Bankruptcy Court commenced by the Debtors which bears the caption of the Plan.

  O. REORGANIZED DEBTOR: The Debtors are reorganized as of the effective date pursuant to the Plan.

  P. SECURED CLAIM: An allowed claim arising before the Petition date and

secured by a lien, security interest, or other charge against or interest in property in which the Debtors have an interest, or which is subject to setoff under 11U.S.C. 533.

 Q. <u>TAX CLAIM</u>: All allowed claims against the Debtors entitled to priority pursuant to Section 507(a)(7) of the Bankruptcy Code.

 R. <u>UNSECURED CLAIM</u>: An allowed claim that is not an administrative claim, a secured claim, or a tax claim and that arose before the Petition date.

## ARTICLE III.

## CLASSIFICATION OF CLAIMS AND INTERESTS

Claims and interests are placed in the following classes:

CLASS I – ADMINISTRATIVE EXPENSES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS II

 Aspen

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS III

 Avanta Federal Credit Union

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS IV

 Bank of Red Lodge – 1st Mortgage on Residence

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS V

 Bank of Red Lodge – 2nd Mortgage on Residence

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS VI

    Bank of Red Lodge – Mortgage on Office Building

***

CLASS VII

    Bank of the West – DMV Lien

***

CLASS VIII

    Beartooth Bank

***

CLASS IX

    Waples Family Trust

***

CLASS X

    Scott & Dorothy Reynolds

***

CLASS XI

    Priority Tax Claims – Internal Revenue Service and Montana Department of Revenue

***

CLASS XII

    HKM Engineering

***

CLASS XIII – UNSECURED CREDITORS - IMPAIRED

| | |
|---|---|
| Allied West Services | Crowley Law Firm |
| American Express | Darryl & Judith Moore |
| Arnold Palmer Design Company | Dex |
| Avanta Federal Credit Union (2nd Claim) | East Shores Productions |
| Bank of America | Econo Septic & Portable |
| Best Buy | Garlington, Lohn & Robinson |
| Century 21 | GS Services |
| Chase Bank | Golf Course Planning |
| Clarence and Barbara Werbelow | Havasu Regional Med Center |
| Creative Design Works | Henderickson, Everson, Noenning & |

AMENDED PLAN OF REORGANIZATION DATED JANUARY 4, 2010     5

| | |
|---|---|
| Woodward | Rodeo |
| HSBC Retail Services | Roy McKee |
| J.D. Deines | RV Life |
| James Casey | RV Park Consulting, Inc. |
| Jared Murphy | Security By Kenco |
| Jo Deane Downing | Sprint |
| Kevin Lowe | Steve and Kathy Werbelow |
| Landscape Unlimited | Trailer Enterprises |
| Leubben, Johnson & Barnhouse | Visionary Communications |
| Mark & Judy Hill | Wells Fargo Bank |
| Maui Condo Homeowners Association | Wells Fargo business Direct |
| Pinnacle Financial Group | Zwicker & Associates |
| Pro Cut Lawn Care | |
| Rick Stockwell | |
| Robert Trent Jones | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLASS XIV – UNSECURED ADMINISTRATIVE CONVENIENCE CLAIM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ARTICLE IV.

### TREATMENT OF CLAIMS UNDER THE PLAN

Debtors shall pay the creditors as hereinafter set forth and according to the Exhibits attached hereto and incorporated herein.

CLASSIFIED CLAIMS:

**Class I – Administrative Expenses**

This class is unimpaired. This class will be paid within thirty (30) days of approval of fees from the operation of the business. There is currently approximately $50,000.00 owed to Binney Law Firm and approximately $12,000.00 owed to Mark Schubert, CPA. There will be additional administrative expenses for attorney fees for Rob Stephens as well as appraisal fees.

**Class II – Secured – undisputed – impaired**

Aspen – secured by 2001 Dodge Ram and 1998 Eclipse – 35 monthly payments @ 6% interest to begin 30 days after Confirmation of Chapter 11 Plan

**Class III – Secured – undisputed – impaired**

Altana Federal Credit Union fka Avanta Federal Credit Union – The secured Claim shall be satisfied by return of the 1998 Hallett boat and Barron 240 boat trailer. This creditor also shall be allowed a general unsecured clam as set out in this Court's October 24, 2009 Order.

### Class IV – Secured – impaired

Bank of Red Lodge – 1st Mortgage on Residence - Debtor shall make monthly payments commencing 6 months after confirmation of plan at 6% interest amortized over 20 years. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class V – Secured – impaired

Bank of Red Lodge – 2nd Mortgage on Residence - Debtor shall make monthly payments commencing 6 months after confirmation of plan at 6% interest amortized over 20 years. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class VI

Bank of Red Lodge – Mortgage on Office Building – Debtor shall make monthly payments commencing 6 months after confirmation of plan at 6% interest amortized over 20 years. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class VII

Bank of the West – DMV Lien – The secured claim of $150,000 is satisfied by return of the RV. The balance of approximately $16,000 shall be a general unsecured claim.

### Class VIII

Beartooth Bank – Trust Indenture – Debtor shall make monthly payments commencing 6 months after confirmation of plan at 6% interest amortized over 20 years. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class IX

Waples Family Trust – Contract for Deed – Debtor shall make semi-annual payments commencing April 2010. The April and October 2009 payments shall be added to the end of the contract. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class X

Scott & Dorothy Reynolds – Contract for Deed – Debtor shall make the payments set forth in the Stipulation approved by this Court on September 18, 2009 and thereafter shall

AMENDED PLAN OF REORGANIZATION DATED JANUARY 4, 2010                                                                    7

make semi-annual payments commencing 6 months after confirmation of plan at 6% annual interest.

### Class XI – Priority Claims

A. Internal Revenue Service – Debtor shall make annual payments commencing one year after confirmation of Plan to be paid within 4 years at 6% annual interest.

B. Montana Department of Revenue – Notwithstanding anything state herein, this Plan, and any amendments or modifications, does not affect the ability of the Montana Department of Revenue to proceed with audit, assessment, and collection of post-confirmation taxes against debtor and non-debtor individuals and entities under applicable non-bankruptcy state law. Debtor shall make annual payments commencing 60 days after confirmation of Plan to be paid within 4 years at 8% annual interest.

### Class XII

HKM Engineering – Secured by second mortgage on Of Course RV Resort acres and a second mortgage on the 320 acres - Debtor shall make monthly payments commencing 90 days after confirmation of plan at 6% interest amortized over 5 years. Debtor shall also market collateral; the debt will be paid in full in the event the property is sold.

### Class XIII – Unsecured Creditors – Impaired

Debtors shall pay unsecured creditors whose claims are allowed plus accruing interest at six percent (6%) per annum with 5 annual payments commencing one year after confirmation. Debtors specifically reserve the right to object to creditors' claims. Debtors will pay these amounts from sale or lease of real estate after payment of secured creditors, administrative claims and capital gains taxes within two years of confirmation.

### Class XIV – Unsecured Creditors – Small Administrative Convenience Class

All creditors with claims of $500 or less shall be paid in full 6 months after confirmation. In addition, all creditors with claims exceeding $500 that agree to accept $500 in satisfaction of their claim shall also be paid in full 6 month after confirmation.

UNCLASSIFIED CLAIMS:

Unclassified claims incurred by the Debtors-in-Possession in the ordinary course of business shall be assumed and paid in the ordinary course of business by the reorganized Debtors after the effective date. All other unclassified claims, upon allowance by the Bankruptcy Court, shall receive as soon as practicable following the later of (a) the effective date or (b) the date upon which an Order of the Court allowing such claim becomes a final Order, cash in the amount of such allowed claim unless the holder of such unclassified claim agrees to a different treatment.

## ARTICLE V.

### TRUSTEE'S FEES

All fees due the U.S. Trustee, pursuant to 28 U.S.C. § 1930(a)(6), for calendar quarters ending prior to confirmation of the Plan shall be paid on or before the effective date of the Plan. Fees due for calendar quarters ending after confirmation shall be paid when due except that the fee owing for the quarter in which a final decree is entered closing the case shall be paid prior to the entry of such final decree. The reorganized Debtors will file with the office of the U.S. Trustee a report of receipts and disbursements for the month in which the Plan is confirmed and for each month thereafter until a final decree is entered.

## ARTICLE VI.

### EFFECT OF CONFIRMATION

As of the effective date, the assets of the Debtors shall be free and clear of any and all claims and interests of the holders of claims no equity interests, except as otherwise provided in the Plan or the Order of Confirmation. Pursuant to 11 U.S.C. §1141, in a case in which the debtor is an individual, unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan. All discharged claims and indebtedness shall be satisfied by the cash payment or other consideration provided for under the Plan.

## ARTICLE VII

### NON-SUBSTANTIVE MODIFICATIONS OF THE PLAN

Debtors may modify the Plan at anytime before confirmation if the Bankruptcy Court determines that the proposed modification does not materially and adversely affect or impair the interests of any holder of a claim or interest that has not accepted such modification in writing. If the Bankruptcy Court makes such a determination and approves such modification, it shall be deemed accepted by all holders of claims and equity interests that have previously accepted the Plan.

## ARTICLE VIII.

### TITLE TO ASSETS

Upon confirmation, the Debtors shall be revested with all assets and shall retain all property during the term of the plan as provided herein. The secured creditor and holders of interest shall retain any security or other interest in the Debtors' property until their claims have been satisfied a prescribed herein.

## ARTICLE IX.

## JURISDICTION OF THE BANKRUPTCY COURT

The Bankruptcy Court shall continue to maintain jurisdiction subsequent to confirmation for the purpose of:

(a) Fixing and allowance of any claims as a cost and expense of the administration of the reorganization case.

(b) Re-examine any claim that has been allowed.

(c) Hearing and determining any objection to a claim which objection is file with the Bankruptcy Court by the Debtors.

(d) Hearing and determining any action brought by the Debtors or the Debtors-in-Possession seeking to avoid any transfer of an interest of Debtors in property, or any obligation incurred by Debtors, that is avoidable pursuant to the Bankruptcy Code.

(e) Hearing and determining all causes of action, controversies, disputes, or conflict between or among the Debtors and any other party, including those that were pending prior to confirmation and that are specially set forth and reserved in the Order of Confirmation.

(f) Hearing and determining all questions and disputes regarding titles to the property of the Debtors or the Debtors' estate.

(g) Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

(h) Hearing and determining any action brought by the Debtors to protect the Debtors and the Debtors' estate from actions of creditors or other parties of interest.

(i) Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive order as are appropriate to protect the Debtors, the Debtors' estate, the reorganized Debtors, and the reorganized Debtors' estate from action of creditors or other parties in interest that are in violation of the Plan.

(j) Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or that the rights or obligations of any parties in interest with respect hereto.

(k) Confirmation of a modified Plan under Article VII above or the confirmation of a modified Plan pursuant to Section 1127(b) of the Bankruptcy Code.

(l) Entering orders concluding and termination the reorganization case.

DATED this 4th day of January, 2010.

By: _____

### CERTIFICATE OF SERVICE

The undersigned does hereby certify, under penalty of perjury that on the 10th day of January, 2010, a true copy of the foregoing document was served by mail to the following individual(s) by depositing a copy of the same in the U.S. Mail, postage prepaid thereon, addressed as follows, unless otherwise indicated below:

*Via ECF*
Office of the US Trustee

See Attached List